UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES EDWARD HARRIS, JR.,

    Plaintiff,

v.                                      CAUSE NO. 3:20-CV-258-DRL-MGG

RUSSELL OLMSTEAD *et al.*,

    Defendants.

OPINION & ORDER

    James Edward Harris, Jr., a prisoner without a lawyer, filed a complaint and motion to proceed *in forma pauperis*. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as "three strikes."

    Mr. Harris has accumulated at least three strikes:

- *Harris v. Sterling*, 3:19-CV-997-DRL-MGG (N.D. Ind. filed Nov. 1, 2019), dismissed December 30, 2019 with prejudice under 28 U.S.C. 1915A(b) because the complaint did not state a claim;

- *Harris v. Lawson*, 3:19-CV-1087-JD-MGG (N.D. Ind. filed Nov. 22, 2019), dismissed December 30, 2019 with prejudice under 28 U.S.C. § 1915A(b) because the complaint did not state a claim; and

- *Harris v. Sterling*, 3:20-CV-004-DRL-MGG (N.D. Ind. filed Dec. 30, 2019), dismissed January 3, 2020 with prejudice under 28 U.S.C. § 1915A(b) because the complaint did not state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat

complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Mr. Harris has sued Warden Julie Lawson and Captain Russell Olmstead alleging that he has not been provided with a kufi and prayer rug to accommodate his religious practices. Because the complaint does not allege that Mr. Harris faces a current imminent danger of serious physical injury, 28 U.S.C. § 1915(g) mandates that his request to proceed *in forma pauperis* be denied. He may only proceed with this case if he prepays the full filing fee.

For these reasons, the court:

(1) DENIES James Edward Harris, Jr., leave to proceed *in forma pauperis* (ECF 2);

(2) GRANTS James Edward Harris, Jr., until **April 24, 2020** to pay the $400.00 filing fee; and

(3) CAUTIONS James Edward Harris, Jr., that if he does not pay the filing fee by that date, this case will be dismissed without further notice.

SO ORDERED.

March 23, 2020                                             *s/ Damon R. Leichty*
                                                                                    Judge, United States District Court